# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN LEE,**<br>Plaintiff**,**<br>vs.<br>**DANIEL EVERETT**<br>Defendant**.** | CASE NO. 20-mc-80031-YGR<br>**ORDER REMANDING FOR LACK OF JURISDICTION**<br>Re: Dkt. No. 2 |

The Court has received the Petition for Removal and Application to Proceed *in Forma Pauperis*, both filed on February 7, 2020, by Daniel Everett. To the Petition for Removal, Everett attached a copy of a "Request for Civil Harassment Restraining Orders" filed in the Superior Court of California, County of San Francisco, by John F. Lee seeking protection from Daniel Everett "SBN 154323." In his petition for removal, Everett indicates that he "brings this action" based on the 1964 civil Rights Act."

The petition was directed to the undersigned based upon a pre-filing order issued August 14, 2013, by Judge Claudia Wilken in Northern District of California Case Nos. 13-cv-2706 and 13-cv-0628. (*See* copy of pre-filing order at Dkt. No. 1-2 herein.) That pre-filing order prohibited defendant Daniel Everett from filing additional petitions for removal of Case No CUD 12-642905 from San Francisco Superior Court without establishing legitimate grounds for federal subject matter jurisdiction.

The Court finds that the instant petition is not prohibited by that pre-filing order because it is not, on its face, related to CUD 12-642905. While the petition herein does reference an eviction from a commercial office space, it is not clear whether such eviction is the same unlawful detainer matter as referenced in Judge Wilken's

However, the instant petition does not establish legitimate grounds for federal subject

matter jurisdiction.

A defendant may remove an action from state court to federal court so long as the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Unlike state courts of general jurisdiction, federal courts are courts of limited jurisdiction and have no power to consider claims for which they lack subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). *Wang v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992), *overruled on other grounds by U.S. ex. Rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121 (9th Cir. 2015). Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss an action that fails to state a claim upon which the federal court may grant relief, including one in which the court lacks subject matter jurisdiction. Further, a case removed to federal court must be remanded back to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction," 28 U.S.C. § 1447(c). The removing defendant "bears the burden of establishing that removal is proper" and the "removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).

Here, the Court is without jurisdiction over the underlying state civil harassment restraining order action. Defendant Everett's filings do not establish a basis for federal subject matter jurisdiction either on the basis of a federal question or on the basis of complete diversity of citizenship and an amount in controversy in excess of $75,000.

As to jurisdiction under 28 U.S.C. section 1332(a)(1), Everett's petition indicates the parties' citizenships are not diverse.

As to jurisdiction under section 1331, Everett's suggestion that he may be seeking to raise defenses or counterclaims under federal anti-discrimination laws is insufficient to establish federal subject matter jurisdiction. Jurisdiction under section 1331 requires that the civil action arise under the constitution, laws, or treaties of the United States. A claim "arises under" federal law only if the *complaint* alleges a cause of action based on federal law—"an actual or anticipated defense" does not confer federal jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). Thus, a defendant's counterclaims and defenses asserting a federal question cannot give rise to jurisdiction. *Id*.

Therefore, the Court finds that Everett has failed to establish a basis for federal subject matter jurisdiction. The Clerk of the Court is directed to **REMAND** this action to the Superior Court for the County of San Francisco. The Clerk is directed to terminate all pending motions and close the file.

**IT IS SO ORDERED.**

Dated: March 2, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**